**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0012n.06

No. 18-5694

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 09, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JESUS HUMBERTO BERNAL BERREAZA, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: SILER, GIBBONS, and READLER, Circuit Judges.

PER CURIAM. Jesus Humberto Bernal Berreaza appeals his conviction for possession of a firearm by an illegal alien. As set forth below, we **AFFIRM**.

Bernal Berreaza, a native and citizen of Mexico, entered the United States without authorization when he was three years old. Bernal Berreaza subsequently applied for and obtained temporary relief from removal and authorization to work under the Department of Homeland Security's program known as Deferred Action for Childhood Arrivals (DACA).

After his arrest on state charges for receiving a stolen firearm, carrying a concealed weapon, and possessing marijuana, a federal grand jury charged Bernal Berreaza with possessing a firearm as an alien who was "illegally or unlawfully in the United States," in violation of 18 U.S.C. § 922(g)(5)(A). Bernal Berreaza entered a not-guilty plea and proceeded to trial. At the close of the government's case and again at the close of all the evidence, Bernal Berreaza moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, asserting in relevant part that he was not "illegally or unlawfully in the United States" at the time of his arrest based on

his DACA status. The district court denied Bernal Berreaza's Rule 29 motion, and the jury returned a guilty verdict. The district court sentenced Bernal Berreaza to 21 months of imprisonment followed by two years of supervised release. This timely appeal followed.

On appeal, Bernal Berreaza argues that the district court erred in denying his motion for a judgment of acquittal on the basis that he was not "illegally or unlawfully in the United States" at the time of his arrest because of his status under the DACA program. We review de novo the district court's denial of Bernal Berreaza's Rule 29 motion. *See United States v. Shanklin*, 924 F.3d 905, 917 (6th Cir. 2019). "We must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. LaVictor*, 848 F.3d 428, 455 (6th Cir. 2017).

Sufficient evidence supported Bernal Berreaza's conviction for possessing a firearm as an alien who was "illegally or unlawfully in the United States," in violation of 18 U.S.C. § 922(g)(5)(A). This court rejected Bernal Berreaza's DACA argument in *United States v. Lopez*, 929 F.3d 783 (6th Cir. 2019). As this court pointed out, Secretary Janet Napolitano of the Department of Homeland Security, in announcing the program, stated that DACA is an "exercise of prosecutorial discretion" and "confers no substantive right, immigration status or pathway to citizenship." *Id*. at 786 (quoting Memorandum from Secretary Janet Napolitano, Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children (June 15, 2012)). This court concluded: "The Secretary's grant of deferred action under DACA therefore did not—and could not—change [the defendant's] status as an alien 'illegally or unlawfully in the United States' for purposes of § 922(g)(5)(A). Instead that relief represented only the Secretary's decision temporarily not to prosecute him for that status." *Id*. Our decision

in *Lopez* forecloses Bernal Berreaza's argument that he was not "illegally or unlawfully in the United States" at the time of his arrest based on his DACA status.

Accordingly, we **AFFIRM** Bernal Berreaza's conviction.